UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ALEXANDER LONGO, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                           Plaintiff,

            -against-

ENECON NORTHEAST APPLIED POLYMER
SYSTEMS, INC. and ROBERT BARR, an individual, and
MICHAEL BARR, an individual,

                        Defendants.
--------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 17-CV-4263**

**Jury Trial Demanded**

      ALEXANDER LONGO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ENECON NORTHEAST APPLIED POLYMER SYSTEMS, INC. ("Enecon"), ROBERT BARR, an individual, and MICHAEL BARR ("Barr"), an individual (together, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

      1.    This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL §

1

195(1); (iv) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a construction company, its president, and its general manager - - as a laborer and applications technician from in or about March 2012 to on or about March 15, 2016.  Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, at least sixty hours per week.  However, Defendants paid Plaintiff an hourly rate for only the first forty hours that he worked each week, and thus failed to pay him at any rate of pay, let alone his overtime rate of pay, for all hours that he worked over forty each week.

3.      Additionally, Defendants failed to provide Plaintiff with a proper wage notice at the time of his hiring or with accurate wage statements on each payday as the NYLL requires.

4.      Defendants paid and treated all of their non-managerial laborers and applications technicians in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.  Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a

2

result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants resides in this judicial district and all Defendants reside in the State of New York, and 28 U.S.C. § 1391(b)(2), as a substantial part of the acts and/or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

9.      At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA and the NYLL.

10.      At all relevant times, Defendant Enecon was and is a corporation organized under the laws of the State of New York with its principal place of business located at 58 Florida Street, Farmingdale, New York, 11735.

11.      At all relevant times, Defendant Robert Barr was Enecon's principal shareholder and its president.

12.      At all relevant times, Defendant Michael Barr was the General Manager and day-to-day overseer of Enecon.

13.      At all relevant times, Defendants were employers within the meaning of the FLSA, the NYLL, and the NYCCRR.  Additionally, Defendant Enecon's qualifying annual business exceeded and exceeds $500,000, and it was engaged in interstate commerce within the

meaning of the FLSA as it used goods, equipment, and other materials in the course of its business on a daily basis, such as applied materials, stones, tools, ladders, and other equipment, much of which originated in states other than New York, the combination of which subjects Defendant Enecon to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial laborers and/or applications technicians who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

15.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

16.     At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive

practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on his own behalf, as well as on behalf of those who are similarly-situated whom, during the applicable statutory period, Defendants also subjected to violations of the NYLL and the NYCCRR.

18.    Under FRCP 23(b)(3), a plaintiff must plead that:

    a.    The class is so numerous that joinder is impracticable;

    b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.    Claims or defenses of the representative are typical of the class;

    d.    The representative will fairly and adequately protect the class; and

    e.    A class action is superior to other methods of adjudication.

19.    The Rule 23 Class that Plaintiff seeks to define includes:

Current and former employees of Defendants who performed any work for Defendants as non-managerial laborers and/or applications technicians during the statutory period within the State of New York, who: (1) did not receive compensation at the legally-required overtime rate of pay for each hour worked per week over forty; (2) were not provided with an accurate wage notice at the time of hire pursuant to NYLL § 195(1); and (3) were not provided with accurate wage statements on each payday pursuant to NYLL § 195(3).

Numerosity

20.    During the previous six years the Defendants have, in total, employed at least forty individuals that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

21.     There are common questions of law and fact common to each and every Rule 23 Plaintiff, including but not limited to the following: (1) the duties that the Defendants required the Rule 23 Plaintiffs to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Defendants required the Rule 23 Plaintiffs to work in excess of forty hours per week; (4) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily required rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (5) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire as NYLL § 195(1) requires; (6) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday as NYLL § 195(3) requires; (7) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (9) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions were in violation of the NYLL and the NYCCRR; and (11) if so, what is the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

22.     As described in the facts section below, Defendants employed Plaintiff as a non-managerial laborer and applications technician.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Defendants failed to pay the Rule 23 Plaintiffs at their respective overtime rates of pay for all hours worked per week in excess of forty. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCCRR to be: (1) paid one and one-half times their respective rates of pay for all hours worked per week in

excess of forty; (2) furnished with an accurate wage notice at the time of hire; and (3) furnished with accurate wage statements on each payday.

23.     Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCCRR, namely, under compensation due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

Adequacy

24.      Plaintiff worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.   Furthermore, Defendants' treatment of Plaintiff was substantially-similar, if not identical, to Defendants' treatment of the Rule 23 Plaintiffs. Defendants routinely undercompensated Plaintiff and the Rule 23 Plaintiffs, failing to pay them at one and one-half times their actual regular rates of pay for all hours worked each week in excess of forty.  Defendants also failed to provide Plaintiff and the Rule 23 Plaintiffs with an accurate wage notice at the time of hire or with accurate wage statements on each payday.

25.     Plaintiff is no longer employed with the Defendants and thus has no fear of retribution from Defendants for his participation in this action.   Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and as to all matters that may be raised in Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants similarly mistreated.

<u>Superiority</u>

26.     Defendants treated Plaintiff and the Rule 23 Plaintiffs in a substantially similar manner.  As such, the material facts concerning Plaintiff's claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

27.     Any lawsuit brought by one of Defendants' non-managerial laborers and/or applications technicians for Defendants' violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other employee of Defendants working in that capacity for the same violations.

28.     Accordingly, a class action lawsuit would be superior to any other method for protecting the Rule 23 Plaintiffs' rights.

29.     In addition, Plaintiff's attorneys are qualified, experienced, and able to conduct this litigation.  Plaintiff's attorneys' practice is concentrated primarily in the field of employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the provisions of the NYLL and the NYCCRR at issue in this case.

## BACKGROUND FACTS

30.     From at least six years prior to the commencement of this action until the present, Defendant Enecon was and is a corporation that operates a composite materials application company, providing maintenance and repair services to machinery, equipment, and structures damaged by erosion, corrosion, and other wear and tear through the use and application of high performance polymer composites, providing its services and products to customers in Long Island and New York City.

31.     During at least that period of time, Defendant Robert Barr was and is the principal shareholder and President of Enecon, who in that capacity, along with his General Manager, Defendant Michael Barr, his son, was and is responsible for determining employees' rates and

methods of pay and the hours that employees were required to work.  Furthermore, Defendant Robert Barr personally approved the hiring of Plaintiff and all other Enecon employees.

32.     During at least that period of time, Defendant Michael Barr was the general manager and day-to-day overseer of Enecon, who in that capacity, along with Enecon's president, Defendant Robert Barr, his father, was responsible for determining employees' rates and methods of pay and the hours that employees were required to work.   Furthermore, Defendant Michael Barr personally hired Plaintiff and all other Enecon employees.

33.     Defendants employed Plaintiff to work as a laborer and applications technician at Enecon from in or about March 2012 to on or about March 15, 2016.  In that role, Plaintiff was responsible for gathering the tools and materials needed to perform a job at Enecon's headquarters in Farmingdale, New York, transporting the same to and from the customers' job sites, preparing customers' equipment, machinery, and structures for the application of protective epoxies and resins, applying the epoxies and resins, and cleaning up the work area.  Plaintiff performed these job duties at various job sites in the New York City and Long Island area.

34.     Prior to arriving at the various job sites each day, Defendants required Plaintiff to pick-up and load a company vehicle with supplies at Enecon's home base in Farmingdale.  After performing his work at the various job sites, Defendants then required Plaintiff to return and unload the company vehicle back at the home base in Farmingdale.

35.     Throughout the entirety of his employment with Defendant Enecon, Plaintiff, as measured by his arrival and departure from Farmingdale each day, typically worked from 5:15 a.m. to 5:45 p.m., five days per week, with a thirty-minute lunch break each day, for a total of sixty hours per week.

36.     However, Defendants paid Plaintiff only for the time that he spent working at the customers' job sites, from 7:00 a.m. until 3:30 p.m., with a one-half hour lunch break, for a total of forty hours per week, and did not pay Plaintiff for his hours spent at Enecon's home base gathering tools and materials and transporting them to and from the customers' job sites before and after his shift, all of which were in excess of forty hours per week, at any rate of pay.

37.     Throughout the entirety of his employment, Defendants paid Plaintiff an hourly rate between $16.00 and $22.00, but only for the first forty hours that Plaintiff worked each week.  Specifically, Defendants paid Plaintiff as follows: (a) from on or about March 1, 2012 to on or about August 31, 2012 at an hourly rate of $16.00, (b) from on or about September 1, 2012 to on or about June 30, 2013 at an hourly rate of $17.00, (c) from on or about July 1, 2013 to on or about April 30, 2014 at an hourly rate of $18.00, (d) from on or about May 1, 2014 to on or about February 28, 2015 at an hourly rate of $19.00, (e) from on or about March 1, 2015 to on or about January 31, 2016 at an hourly rate of $20.00, and (f) from on or about February 1, 2016 to on or about March 15, 2016 at an hourly rate of $22.00.

38.     Throughout his entire employment, Defendants did not pay Plaintiff at any rate of pay, let alone his overtime rate of pay of time and one-half his straight-time rate of pay, for any hours that he worked in excess of forty per week.

39.     By way of example only, during the workweek of March 26 to April 1, 2012, Plaintiff worked sixty hours and Defendants paid him $16.00 per hour for only his first forty hours of work, for a total of $640.  As a second example, during the workweek of January 25 to January 31, 2016, Plaintiff worked sixty hours and Defendants paid him $22.00 per hour for only his first forty hours of work, for a total of $880.   Defendants did not compensate Plaintiff at any rate of pay for any hours that he worked in excess of forty in either of those weeks.

40.     Defendants did not furnish Plaintiff at the time of his hire, or any time thereafter, with a wage notice that accurately stated, *inter alia*, his rate(s) of pay, including any overtime rate of pay.

41.     Defendants paid Plaintiff on a bi-weekly basis.

42.     On each occasion when they paid Plaintiff, Defendants did not provide Plaintiff with a wage statement that accurately reflected, *inter alia*, the amount of hours that he worked each week, or his overtime rates of pay for each hour that he worked in excess of forty in a given workweek.

43.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

44.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

45.     Every hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

46.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

48.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

49.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

50.     Defendants willfully violated the FLSA.

51.     As a result, Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

52.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCCRR*

53.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

55.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

56.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

57.     As a result, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

59.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opt-ins to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

60.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically-enumerated criteria.

61.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

62.     As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with an accurate wage notice upon hire, or at any time thereafter, containing the criteria required under the NYLL.

63.     As a result, prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workweek after the violation occurred, up to the statutory cap of $2,500.

64.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workday after the violation occurred, up to the statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

65.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

67.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

68.     As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiff who opt-in to this action, with wage statements on each payday containing the criteria that the NYLL requires.

69.     As a result, prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

70.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the

amount of $250 for each workday for which the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

71.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned laws of the United States and New York State;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participating in this litigation in any form or manner;

d.      Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that they would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, their reasonable attorneys' fees, and an award of a service payment to Plaintiff;

i.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

j.      Designation of Plaintiff and his counsel as class representatives under Rule 23;

k.      Pre-judgment and post-judgment interest, as provided by law; and

l.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further relief as this Court finds necessary and proper.

Dated: July 18, 2017
       Great Neck, New York

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        1010 Northern Boulevard, Suite 328
                                        Great Neck, New York 11021
                                        Tel. (516) 248-5550
                                        Fax. (516) 248-6027

                            BY: _____
                                        SHAUN M. MALONE, ESQ (SM 1543)
                                        ALEXANDER T. COLEMAN, ESQ (AC 8151)
                                        MICHAEL J. BORRELLI, ESQ (MB 8533)